WARNER, J.
The defendant appeals his convictions for attempted sexual battery and lewd and lascivious molestation. He contends that the trial court erred in admitting his taped *445 conversation with his girlfriend in a police interview room. We affirm..
After the police were informed of allegations that the defendant sexually abused a child, the defendant voluntarily went to the police station to discuss the allegations with a detective. The defendant waived his Miranda rights and began making incriminating statements. At the end of the interrogation, the interrogating officer arrested the defendant and informed him of the charges he would face. The defendant then asked to see his girlfriend before he left for jail. The police brought the defendant’s girlfriend to the interview room, but surreptitiously tape recorded the defendant’s conversation with his girlfriend.
Before trial, the court suppressed the statements that the defendant made to the police, finding that his statements had been coerced because the interrogating officer told the defendant that he could face the death penalty. However, the trial court declined to suppress any statements the defendant made to his girlfriend in the police interview room after the interrogation was over.
On appeal, the defendant argues that the police obtained his statements to his girlfriend through an exploitation of the initial coercion and that the taped statements were “fruit of the poisonous tree.” In Wong Sun v. United States, 371 U.S. 471, 487-88, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), the Supreme Court explained the application of the fruit of the poisonous tree doctrine:
We need not hold that all evidence is ‘fruit of the poisonous tree’ simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is ‘whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.’
(Citations omitted).
As Wong Sun makes clear, the “fruit of the poisonous tree” analysis in this case does not turn on whether the defendant would have requested to speak to his girlfriend in the absence of the coercive interview with the detective. Instead, the question is whether the statements were obtained through an exploitation of the primary illegality. We hold that they were not.
The statements the defendant made to his girlfriend were made at his insistence. He asked that she be brought to see him, and he voluntarily spoke to her. These were not coerced by any interrogation. Thus,' the statements the defendant made to his girlfriend were sufficiently attenuated from the initial illegality and accordingly we reject the defendant’s “fruit of the poisonous tree” argument.
The defendant also argues on appeal that the police deliberately induced in him a reasonable expectation of privacy in his conversation with the girlfriend, relying on State v. Calhoun, 479 So.2d 241 (Fla. 4th DCA 1985). Because this particular argument was not made at trial, we find that this issue is not properly preserved for appellate review.
Affirmed.
GUNTHER and HAZOURI, JJ., ' concur.